FILED

2011 OCT -4 PM 1:59

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONTINENTAL CASUALTY COMPANY,

    Plaintiff,

v.                                       Case No: 3:11-cv-990-J-25JRK

ROBERT G. HETSLER;
ORIANA PEREZ HETSLER,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Continental Casualty Company (hereinafter referred to as "Continental"), by and through its counsel, files this Complaint for Declaratory Judgment against Defendants Robert G. Hetsler, Jr. and Oriana Perez Hetsler (hereinafter collectively referred to as "the Hetslers") and alleges as follows:

### I.    NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. Continental seeks a determination of the parties' rights and obligations under a Personal Catastrophe Liability Policy issued by Continental to Robert G. Hetsler, Jr. (hereinafter referred to as "Mr. Hetsler") in connection with an underinsured motorist claim made by Mr. Hetsler. (hereinafter referred to as the "Underinsured Motorist Claim").

## II.  PARTIES

2. At all relevant times herein, Plaintiff Continental was and is an insurance company organized and existing under the laws of the State of Illinois whose principal place of business was located in Chicago, Illinois.

3. At all relevant times herein, Defendants Robert G. Hetsler and Oriana Perez Hetsler are individuals who, on information and belief, were and are residents of Duval County, Florida.

## III.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

5. This action is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Hetslers reside in Florida and the accident that is the subject of the Hetslers' underlying Underinsured Motorist claim took place in Jacksonville, Florida, within the Middle District of Florida.

### IV. THE UNDERLYING CLAIM

7. On or about June 8, 2010, Mr. Hetsler was involved in a motor vehicle collision in Duval County, Florida. Mr. Hetsler claims that he was the sole occupant of the vehicle that he was driving at the time of the accident.

8. Upon information and belief, at the time of the collision, Mr. Hetsler was stopped at a traffic light when his vehicle was struck from behind by a vehicle driven by Amanda Godwin Jacobs.

9. Upon information and belief, Geico Insurance issued an automobile policy that covered Ms. Jacobs' vehicle.

10. Upon information and belief, the bodily injury policy limits under Ms. Jacobs' Geico Insurance Policy were $25,000 per person.

11. Upon information and belief, Geico Insurance has accepted liability for the motor vehicle accident and has paid the policy limit of $25,000 to Defendants.

12. Upon information and belief, Mr. Hetsler had primary automobile insurance coverage with State Farm Insurance which provided Uninsured/Underinsured Motorist Limits of $100,000 per person, $300,000 per accident.

13. Upon information and belief, State Farm Insurance has paid the underinsured policy limit of $100,000 to Defendants.

14. Both parties agree that the Hetslers have sustained total damages in the amount of $425,000 as a result of the June 8, 2010 motor vehicle collision. (hereinafter referred to as the "Underlying Claim").

## V. THE POLICY

15. Continental issued Personal Catastrophe Liability Policy, policy number GPE 223471070, to Robert G. Hetsler for the November 1, 2009 through November 1, 2010 policy period (hereinafter referred to as the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit "1"** and is incorporated by reference herein.

16. The Policy provides uninsured and underinsured motorist coverage limits of $1,000,000 per occurrence, subject to all terms and conditions of the Policy. *See Policy Declarations*, Exhibit 1, p.1.

17. The Hetslers demand that they are entitled to coverage of the remaining $300,000 of their Underlying Claim under the underinsured motorist limits of the Continental Policy, notwithstanding the fact that the declarations page of the Policy states that the minimum required primary automobile insurance bodily injury limits are $250,000 per person or combined single limit of $300,000, and despite the fact that the declarations page of the Policy states that "Uninsured/underinsured required minimum limits are the same as the automobile limits indicated below."

18. At the time of the collision and at the time the Policy was in effect, the Defendants maintained underinsured motorist limits with State Farm Insurance in the amount of $100,000 per person.

19. Continental agreed to pay and has paid the Hetslers $150,000 for their Underinsured Motorist Claim under the Policy, leaving $150,000 of their Underinsured Motorist Claim in dispute.

20. The Policy's Declarations Page states that:

4

UNINSURED/UNDERINSURED REQUIRED MINIMUM LIMITS ARE THE SAME AS THE AUTOMOBILE LIMITS INDICATED BELOW.

Item 4. Schedule of Underlying Insurance. The named insured agrees to maintain, during the term of the policy, at least the following underlying coverages and minimum required underlying limits. ....

| Automobile (Car, Recreational Vehicle and Snowmobile Liability) | COVERAGES | MINIMUM RETAINED LIMITS |
|---|---|---|
| | Bodily Injury | $250,000 per person, $500,000 per occurrence |
| | Combined Single Limit | $300,000 per occurrence |

See Ex. 1, p. 1.

21. The Policy stated minimum retained limits for underlying automobile bodily injury coverage, including uninsured and underinsured limits of liability, is $250,000 per person and $500,000 per occurrence or a combined single limit of $300,000.

See Ex. 1, p. 1.

22. The Policy CONDITIONS provide, in relevant part:

1. Required underlying insurance must be maintained at all times. This applies to: ...

f. Any other activity or exposure requiring underlying insurance as indicated in Item 4. of the Declarations.

If any of the following occur: ...

g. The required underlying insurance has not been maintained; ...

* * *

we will still provide the coverages described in this policy. However, the insured will be responsible for payment of damages up to the limits of the required

underlying insurance. This policy applies as if the required underlying insurance had been maintained or if the insurer providing required underlying insurance was insolvent.

See Ex. 1, p. 13.

23. The Policy DEFINITIONS state:

Required Underlying insurance means the insurance described in Item 4, on the Declarations of this policy which is in effect at the time of the occurrence.

See Ex. 1, p. 6.

## VI.   CAUSES OF ACTION

### COUNT 1

**[For Declaratory Relief- Duty to Indemnify]**

24. Continental incorporates by this reference Paragraphs 1 through 23 as if fully set forth herein.

25. An actual controversy within the meaning of 28 U.S.C. §2201 has arisen and now exists between Continental and the Hetslers concerning whether the underinsured motorist coverage benefits provided under the Policy cover the $300,000 balance of the Underlying Claim or whether the underinsured motorists benefits available under the Policy provide coverage for $150,000 of the Underlying Claim.

26. Pursuant to 28 U.S.C. §§ 2201 and 2201, Continental seeks a declaration of its rights, duties, and obligations under the Policy regarding uninsured/underinsured benefits. Such a declaration is necessary and appropriate so that Continental may

ascertain its legal rights, duties, and obligations, if any, with respect to the claim made by the Hetslers for uninsured/underinsured coverage under the Policy.

**WHEREFORE**, Continental prays for judgment against the Hetslers as follows:

1. On the First Cause of Action for Declaratory Relief for a judgment declaring and determining that the coverage available to the Hetslers under the Policy for the Collision is limited to the $150,000 already paid to the the Hetslers by Continental (the balance of the amount of damages suffered by the Hetslers in the Underlying Claim in excess of the Policy's Uninsured/Underinsured Required Minimum Limits).

2. For an award of Continental's costs of suit and attorney's fees incurred in this action;

3. For such other and further relief as the Court may deem just and proper.

Dated: October 4th, 2011.

        Respectfully submitted,

        COLLIAU ELENIUS MURPHY KEENER
        CARLUCCIO & MORROW

        _/s/ Lisa A. Pach_____
        LISA A. PACH, ESQ.
        Florida Bar No. 0065002
        COLLIAU ELENIUS MURPHY KEENER
        CARLUCCIO & MORROW
        4631 Woodland Corp. Blvd.
        Suite 315
        Tampa, FL 33614
        Telephone: (813) 880-5175
        Fax: (312) 260-6859
        E-mail: lisa.pach@cna.com
        Trial Counsel for Plaintiff, Continental
        Casualty Company